OPINION OF THE COURT
Anthony F. Shaheen, J.
The parties in the above-captioned actions had previously made various cross motions, some of which were decided and some of which were held in abeyance pending further discovery. Specifically, on July 25, 1989, this court signed an order which, inter alla, dismissed plaintiffs complaint and all defendants’ cross claims as they related to causes of action against defendant Owasco River Railway, Inc. (Owasco) for alleged damages to property and trees in Proctor Park; however, the court reserved decision on all motions relating to the removal of dirt and gravel from the railroad right-of-way, and all motions relating to the validity of the transfer of title of the railroad property. By further order dated April 16, 1990, this court issued a consent order dismissing plaintiffs complaint and all cross claims and counterclaims against defendants Frank Guerriero, Guerriero Sanitation Services, Frank Guerriero Sanitation Services, and Frank Guerriero Environmental Services, with prejudice and without costs.
The issue remaining to be decided on these several cross motions concern the question of the validity of Anthony Guerriero’s title to the railroad right-of-way. The third-party defendants Ritter et al. have also recently submitted motion papers seeking summary judgment dismissing the third-party complaint and all cross claims as they pertain to the railroad bed.
The railroad bed in question was owned by the West Shore Railroad Company, later known as the defendant Owasco River Railway, Inc., and runs generally east and west along the northerly boundary line of Proctor Park. This abandoned railroad bed was transferred by Owasco to defendant Donald Testa on June 11, 1984, and he in turn transferred it to defendant Anthony Guerriero on January 26, 1988. It is uncontroverted that the New York State Commissioner of Transportation never received notice and never issued a release of his preferential right to this abandoned railroad bed, as required by Transportation Law § 18, and because of this, *344 the City of Utica claims that Owasco’s original conveyance of this property, along with the subsequent conveyance by Testa, was invalid.
Owasco has taken the position that they are not bound to comply with section 18 because it was not a "railroad company” within the terms of the then-existing law. Specifically, after Penn Central Transportation Company and its entities emerged from reorganization in 1978, nearly all of their realty was placed in Owasco, a shell corporation. In anticipation of this transfer of property, Owasco filed an amended certificate of incorporation on August 17, 1978 changing its status as a railroad company to that of a conventional corporation, claiming as one of its purposes, "to own but not to operate lines of railroad for public use in New York State”. In so doing, Owasco asserted they were no longer a "railroad company”. Owasco then engaged in a program of disposing of property, mainly abandoned railroad property; however, it did not comply with section 18 which required "railroad companies” to give a preferential right to the Commissioner of Transportation to acquire such abandoned railroad property, before transferring same to nonmunicipal parties. Like Owasco, several other railroads were also taking the position that they were not bound to comply with section 18; and as such, in order to preserve the preferential right afforded to the State by section 18, the Legislature changed the language of that statute to apply to "property owner[s]”, rather than "railroad companies]”, thereby covering all abandoned railroad property regardless of who presently holds title (see, mem of State Dept of Transp, 1984 McKinney’s Session Laws of NY, at 3317). This statutory amendment took effect July 20, 1984, 40 days after Owasco transferred the railroad bed in question to Mr. Testa. Accordingly, Owasco now claims that their transfer was valid, and that all causes of action relating to the chain of title of this railroad bed should be dismissed. Alternatively, Owasco argues that even if bound by section 18, the transfer was not void, but was merely voidable, and such title has never been properly challenged.
Initially, the court finds that Transportation Law § 18, as originally drafted and as revised, addresses abandoned railroad land itself, and is not specifically directed towards any particular owner. Although the use of the words "railroad company” rather than "property owner” in the original statute may have been an inartful use of language by the drafters, the intent of the drafters is clear. The statute was *345 intended to preserve for future transportation purposes abandoned railroad land which often possesses unique and irreplaceable value which is particularly suitable for public use (see, L 1973, ch 998, § 1). Moreover, when the Legislature amended the statute to name all "property ownerfs]”, the purpose was "to make certain that former operating railroads who are now land owning companies are still bound by the abandoned railroad transportation statute” (see, mem of State Dept of Transp, 1984 McKinney’s Session Laws of NY, at 3317 [emphasis added]). Clearly then Owasco was bound by the mandates of Transportation Law § 18 at the time of its transfer of this railroad bed to Mr. Testa.
Transportation Law § 18, as applicable at the time of the original sale herein, did not specify whether a deed granted by Owasco, without first obtaining the requisite release from the Commissioner of Transportation, was void, voidable, or valid. However, since that statute substantially impairs the right of alienation of property, and is in derogation of the common law, it must be strictly construed (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 311, 312). Using a strict construction of Transportation Law § 18, while still giving effect to the statute leads this court to find that Owasco’s sale of the railroad property in question on June 11, 1984 was a voidable sale; that is, it was valid but subject to the New York State Commissioner of Transportation’s preferential right to acquire that property (see, People v New York & Harlem Ry. Co., Sup Ct, Columbia County, Aug. 12, 1987). Moreover, when the Legislature again amended section 18 in 1987, it added a sentence making conveyances in derogation of this section null and void, and further providing that section 18 does not apply to any subsequent resale of property which had been lawfully acquired according to section 18 (2) "as then applicable”. Such a substantive and material change further supports this court’s construction of Transportation Law § 18 to make Owasco’s transfer of this railroad bed a voidable sale (see, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 191, 193; see also, People v New York & Harlem Ry. Co., supra).
In order for the City of Utica to acquire a property right to the railroad bed in question, the Commissioner of the Department of Transportation would first have to waive its preferential rights pursuant to Transportation Law § 18. New York State is therefore a necessary party to the city’s action challenging title to this property, and should have been named in this action (CPLR 1001). However, New York State has not *346 been named in this action, and there is no showing that the New York State Commissioner of the Department of Transportation, in fact, wishes to exercise its preferential rights under section 18. Moreover, there has been no showing to date that the City of Utica has, or ever had, any intention of purchasing this property, despite the fact that the city has appeared in court on numerous occasions since the dirt was removed from this railroad bed approximately three years ago. Accordingly the court finds that the deeds from Owasco to Testa, and from Testa to Anthony Guerriero, are voidable, and have transferred title of this railroad bed to Anthony Guerriero subject to any rights which the Commissioner of the New York State Department of Transportation may still be entitled to exercise under Transportation Law § 18. The City of Utica’s action against Owasco, insofar as it challenges title to this railroad bed, must therefore be dismissed, and Owasco’s motion in this regard is granted. Likewise, the summary judgment motions of Donald T. Testa and Anthony Guerriero seeking dismissal of those portions of the complaint relating to the railroad bed property are also granted. The motion of third-party defendants Ritter et al., seeking dismissal of the third-party complaint as it pertains to this railroad property formerly belonging to Owasco, is also granted. Owasco and Testa are no longer parties to this action. All other causes of action against defendant Anthony Guerriero, and third-party defendants Ritter et al. remain intact and viable.